# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOAH ZHE, | |
| Petitioner, | Civ. No. 17-7182 (KM) |
| v. | |
| CHARLES GREEN, | OPINION |
| Respondent. | |

## KEVIN MCNULTY, U.S.D.J.

### I. INTRODUCTION

The petitioner, Noah Zhe, is an immigration detainee currently held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

### II. BACKGROUND

Petitioner is a native and citizen of China. Petitioner entered the United States with a K-4 visa in 2003 and resided here since that time. In 2010, petitioner was convicted of robbery and kidnapping and began serving a ten-year sentence in South Woods State Prison, in Bridgeton, New Jersey. Petitioner was released to the custody of Department of Homeland Security, Immigration and Customs Enforcement (ICE) on March 17, 2017. ICE immediately served petitioner with a notice to appear for immigration proceedings. He has been in immigration custody since that time.

Petitioner states that he has conceded his removability throughout the immigration proceedings. An immigration judge (IJ) ordered petitioner removed on May 25, 2017. Petitioner

does not state, and it does not otherwise appear, that he has taken any steps to appeal his removal order.[1] Petitioner does indicate that he requested release on bail or bond, but that the ICE regional director denied this request.

Petitioner filed this habeas petition on September 18, 2017. He seeks, among other relief, an order granting his immediate release from immigration detention, with or without bond, or, alternatively, an order directing that a bond hearing occur before an IJ.

## III. DISCUSSION

Upon the filing of a habeas petition, the Court conducts an initial screening under 28 U.S.C. § 2243, which provides in relevant part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Under Rule 4 of the Rules Governing § 2254 Cases (applied in this proceeding under Rule 1(b) of the Rules Governing § 2254 Cases), the Court must dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Petitioner seeks release from immigration detention or a bond hearing before an IJ based on the length of his detention. (Pet., ECF No. 1.) Petitioner indicates that his immigration custody falls under the authorization of 8 U.S.C. § 1226(c). Under that section, certain criminal aliens are subject to mandatory pre-removal detention. 8 U.S.C. § 1226(c)(1). The United States Court of Appeals for the Third Circuit, in *Diop v. ICE/Homeland Security*, 656 F. 3d 221 (3d Cir.

---

[1] Indeed, petitioner's description of the immigration proceeding in his petition suggests that he never intended to appeal his removal order.

2

2011), held that § 1226(c) " authorizes only mandatory detention that is reasonable in length," after which a detainee would be entitled to a bond hearing. *Id.* at 234–35. The Third Circuit subsequently noted that a continued pre-removal detention under § 1226(c) without a bond hearing would become constitutionally problematic at some point after six months of detention, and certainly within one year. *Chavez-Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 478 (3d Cir. 2015)

The rights of a § 1226(c) detainee, however, are no longer relevant in this case. Petitioner states that an IJ issued an order for petitioner's removal on May 25, 2017. (ECF No. 1 at 5.) Under 8 C.F.R. § 1241.1, a removal order becomes final if the time to appeal it elapses or the party to be removed waives the right of appeal. *See* 8 C.F.R. § 1241.1(b)–(c). Nothing suggests that petitioner appealed his removal order within the 30 days permitted by immigration regulations. *See* 8 C.F.R. § 1250.15. Consequently, it appears that his removal order became final on or around June 24, 2017, thus converting his custody from a pre-removal detention to a post-removal detention. This conversion renders moot any assessment of whether petitioner's detention warrants pre-removal habeas relief. *See Rodney v. Mukasey,* 340 F. App'x 761, 764 (3d Cir. 2009); *Quezada v. Hendricks,* 821 F. Supp. 2d 702, 708 (D.N.J. 2011).

Post-removal immigration detention is governed by 8 U.S.C. § 1231, which creates a ninety-day removal period during which the government must detain aliens still awaiting removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Once the ninety-day removal period expires, the government may continue to detain, or may release on bond, aliens who are deportable based on various specified grounds, including conviction of an aggravated felony. *Id.* § 1231(a)(6); *see* 8 U.S.C. § 1227(a)(2)(A)(i)(II); *Zadvydas v. Davis,* 533 U.S. 678, 688–89 (2001).

An aggravated felony is defined as including any "theft offense . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Given petitioner's conviction for robbery under N.J.S.A. 2C:15-1 and his resulting ten-year prison sentence, detention beyond the ninety-day removal period under § 1231(a)(6), appears appropriate.[2]

The Supreme Court of the United States, in *Zadvydas v. Davis*, 533 U.S. 678, found that § 1231 does not authorize indefinite post-removal-period detention. *Id.* at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* The Court further noted that six months would be a "presumptively reasonable" period of post-removal detention under § 1231. *Id.* at 701.

The petitioner acknowledges that an IJ issued an order of removal on May 25, 2017. If petitioner promptly waived any right to appeal, the conversion to post-removal detention could have occurred immediately, but in any event it occurred no later than the expiration of the deadline to appeal at the end of June 2017.[3] *See* 8 C.F.R. § 1241.1(b). Taking the earlier date, however, the ninety-day removal period could have expired as early as August 24, 2017. Either way, however, the period of post-removal detention would still be well within the six-month period found presumptively reasonable in *Zadvydas*. *See* 533 U.S. at 701.

Because petitioner's ongoing detention is still presumptively reasonable, his challenge to such detention is premature. *See Rodney*, 340 F. App'x at 764–65; *Lemus Rivas v. Green*, Civ. A. No. 16-4195 (JMV), 2016 WL 8674267, at *2 (D.N.J. Dec. 2, 2016); *Mullings v. Aviles*, Civ. A. No. 13-4111 (JLL), 2014 WL 1234469, at *3 (D.N.J. Mar. 25, 2014). Petitioner may, of course,

---

[2] Petitioner's convictions also seem to render him subject to § 1231(a)(6) in various other ways, e.g., conviction of two or more crimes with aggregate sentences of five or more years. *See* 8 U.S.C. § 1182(a)(2)(B).

[3] The Court currently has no evidence that petitioner affirmatively waived his right to appeal, but he does indicate that he consistently conceded his removability, and the petition implies that he never intended to appeal. (*See* Pet., ECF No. 1, at 13.)

4

reassert a claim challenging his post-removal detention should the government fail to effect his removal within a reasonable time.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed without prejudice. An appropriate order will be entered.

DATED: October 4, 2017

KEVIN MCNULTY
United States District Judge